## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| Troy L. Plemmons, | |
| Plaintiff, | No. 3:18-cv-50389 |
| v. | Honorable Iain D. Johnston |
| Sara Rokey et al., | |
| Defendants. | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Troy Plemmons brings this action under 42 U.S.C. § 1983, alleging that his due process rights under the Fourteenth Amendment were violated. By the time this case reached trial, the remaining defendants were Officer Sara Rokey and her employer, the City of Rock Falls, Illinois. After a short, two-day trial, the jury returned a verdict in Defendants' favor. Before the Court is Mr. Plemmons' motion for a new trial, which is denied for the following reasons.

### I. Background

On June 25, 2014, Mr. Plemmons and his cousin, Dustin Funderberg, decided to have some drinks; Mr. Plemmons had sold a car to Mr. Funderberg, who went over to Mr. Plemmons' house to pay off the rest of what he owed. They took Mr. Funderberg's car, a red Lincoln Navigator. At the bar, they drank very heavily from morning until late in the day—at least nine or ten hours in total, and Mr. Plemmons had between twenty and thirty drinks. He didn't remember how he got home but could recall coming out of his house to find Officer Rokey on his porch.

Officer Rokey had been dispatched around 12:33 AM on June 26 to investigate a vehicle accident. She saw a red Lincoln Navigator; a man flagged her down and said that the car was involved in the accident. When she reached where the Navigator had parked, she saw Mr. Funderberg exit the passenger-side door. She asked Mr. Funderberg, who was stumbling and slurring his speech, if he had been driving the Navigator. He said he wasn't the one driving, and then he yelled for Mr. Plemmons. Mr. Plemmons, also stumbling and slurring his speech, came out of his house. Officer Rokey helped him sit down on the porch.

After both Mr. Plemmons and Mr. Funderberg said they didn't need medical attention, Officer Rokey asked for identification. Mr. Funderberg produced his driver's license, and Mr. Plemmons gave his Social Security card. Officer Rokey ran their information through dispatch and learned that Mr. Plemmons had a suspended license. She asked him if he was aware that his license was suspended. He answered, "Yes, and I was driving."

Mr. Plemmons was arrested for driving on a suspended license and driving under the influence. He was convicted, but his conviction was reversed because the state couldn't prove that Mr. Plemmons was driving the vehicle—although it had Mr. Plemmons' admission to Officer Rokey, the state had no independent corroborating evidence, which was required under Illinois law.

According to Mr. Plemmons, there was no way he would have told Officer Rokey that he knew his license was suspended and he was driving. He couldn't remember what he said (or didn't say) to Officer Rokey on June 26, 2014, but he

would have known that driving on a suspended license would violate his parole, so he was "certain" he didn't say he was driving.

## II.    Legal Standard

Under Federal Rule of Civil Procedure 59(a), a new trial may be granted if "the verdict is against the weight of the evidence," "the damages are excessive," or the trial was otherwise unfair to the moving party. *Kapelanski v. Johnson*, 390 F.3d 525, 530 (7th Cir. 2004). Viewing the evidence in the light most favorable to the prevailing party, a court will uphold the jury's verdict as long as there is a reasonable basis in the record that supports the verdict. *Pickett v. Sheridan Health Care Ctr.*, 610 F.3d 434, 440 (7th Cir. 2010). Issues of credibility and weight of evidence are left to the jury. *Kapelanski*, 390 F.3d at 530. The district court has wide discretion in deciding a Rule 59(a) motion. *See Aldridge v. Forest River, Inc.*, 635 F.3d 870, 876-77 (7th Cir. 2011); *Young v. Corr. Healthcare Co.*, No. 13-CV-315, 2024 U.S. Dist. LEXIS 35041, at *7-11 (N.D. Okla. Feb. 29, 2024).

## III.    Analysis

Mr. Plemmons' motion for a new trial is a list of sixteen references to the record. He provides no arguments, nor does he cite any supporting authority.[1] The nonexistent (or, more generously, underdeveloped) arguments alone are sufficient to deny the motion for a new trial. *See Smith v. Ne. Ill. Univ.*, 388 F.3d 559, 569 (7th Cir. 2004); *United States v. Andry*, No. 13 CR 843, 2015 U.S. Dist. LEXIS 193600, at *2 (N.D. Ill. Sept. 28, 2015) ("[T]he laundry list of errors are not developed so the

---

[1] Mr. Plemmons also failed to file a reply brief, although it would have been too late by then to advance any arguments. *See James v. Sheahan*, 137 F.3d 1003, 1008 (7th Cir. 1998).

3

objections are waived."); *see also United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived."); *Martinez v. Colvin*, No. 12 CV 50016, 2014 U.S. Dist. LEXIS 41754, at *26-27 (N.D. Ill. Mar. 28, 2014) ("[T]he Court notes that parties should not view judges as bloodhounds who are merely given a whiff of an argument and then expected to search the record high and low in an effort to track down evidence to locate and capture a party's argument."). Assuming that Mr. Plemmons' list of alleged errors are ways he believes the trial was unfair,[2] Mr. Plemmons' "arguments" still fail.

The first six concern jury selection. Dkt. 175 ¶¶ 1-6. Such errors "are to be assessed by inquiring whether the jury that actually decided the case was qualified and impartial." *Jimenez v. City of Chicago*, 732 F.3d 710, 715 (7th Cir. 2013). But Mr. Plemmons focuses only on prospective jurors that were struck and fails to imply any argument that the seated jury was somehow prejudiced against him. Even in arguing that he should have been permitted an additional peremptory challenge, Mr. Plemmons doesn't indicate which seated juror would have required him to use the extra strike to ensure a fair jury. *See* Dkt. 175 ¶¶ 5-6.[3] He has failed to show that any of his concerns about jury selection warrant a new trial.

---

[2] Mr. Plemmons does not discuss the verdict and there were no damages awarded, so that rules out the other grounds for a new trial. *See Kapelanski*, 390 F.3d at 530.

[3] Regardless, even if the Court had erred by not striking prospective juror R.B. for cause, that isn't grounds for a new trial because there is no right to a peremptory challenge. *United States v. Martinez-Salazar*, 528 U.S. 304, 317 (2000); *Jimenez*, 732 F.3d at 715-16.

The next three alleged errors relate to witness testimony given during the trial. Deciding to admit or exclude evidence at trial falls under the discretion of the district court. *Lange v. City of Oconto*, 28 F.4th 825, 842 (7th Cir. 2022). An evidentiary error warrants a new trial "only if the error has a substantial and injurious effect or influence on the determination of a jury and the result is inconsistent with substantial justice." *Cerabio LLC v. Wright Med. Tech., Inc.*, 410 F.3d 981, 994 (7th Cir. 2005).

For the first of these three alleged errors, Dkt. 175 ¶ 7, Mr. Plemmons' counsel immediately objected, the Court sustained the objection, and the jury was instructed regarding objections. Dkt. 173 at 369:24-370:10; Dkt. 168 at 5. Mr. Plemmons has not shown how this made the trial unfair. *See United States v. Sorensen*, No. 19-cr-00745-1, 2023 U.S. Dist. LEXIS 131971, at *46-47 (N.D. Ill. July 31, 2023); *United States v. Danford*, 435 F.3d 682, 687 (7th Cir. 2005) ("[J]urors are presumed to follow limiting and curative instructions unless the matter improperly before them is so powerfully incriminating that they cannot reasonably be expected to put it out of their minds." (quoting *United States v. Smith*, 308 F.3d 726, 739 (7th Cir. 2002))).

Mr. Plemmons also fails to explain how the two admitted portions of witness testimony, Dkt. 175 ¶¶ 8-9, had "a substantial and injurious effect or influence" on the jury. When asked if he didn't testify at his criminal trial because he had "no recollection of the incident," Mr. Plemmons answered, "I can say it is true that I didn't, but I cannot say that it is true that I didn't because of whatever reason you

are saying." Dkt. 173 at 370:22-371:2. There was no "gotcha" in his answer that would have unfairly influenced the jury, as Mr. Plemmons seems to suggest.

As for the portion of Mr. Funderberg's testimony regarding his conversation with Mr. Plemmons' criminal defense attorney, the Court explained its decision on the record, *id.* at 382:22-390:6, the substance of which Mr. Plemmons does not engage. In particular, Mr. Plemmons' counsel opened the door to allowing this testimony by asking Mr. Plemmons on direct examination why Mr. Funderberg didn't testify at the criminal trial.[4] Mr. Plemmons' counsel may wish in hindsight that he didn't ask the question on direct, but that doesn't mean the Court erred in admitting the testimony. *See also United States v. Schmitt*, 770 F.3d 524, 535 (7th Cir. 2014) (holding that a party can open the door to otherwise inadmissible evidence); *McClain v. Anchor Packing Co.*, No. 89 C 6226, 1996 U.S. Dist. LEXIS 10428, at *14 (N.D. Ill. July 19, 1996) ("Rulings on motions *in limine* are not etched in stone; eliciting certain testimony on direct examination may open the door for presentation of previously excluded evidence.").

The next six alleged errors concern statements made during Defendants' closing argument. Dkt. 175 ¶¶ 10-15. Two of them cover objections that were sustained by the Court, *id.* ¶¶ 13, 15, and Mr. Plemmons doesn't show how the sustained objections prejudiced him. *See Sorensen*, 2023 U.S. Dist. LEXIS 131971, at *46-47. Another two alleged errors concern statements Mr. Plemmons failed to

---

[4] The Court had previously sustained Mr. Plemmons' objection when ruling on motions *in limine*. *See* Dkt. 162.

object to at trial. Dkt. 175 ¶¶ 12, 14.[5] He cannot now use them to argue for a new

trial. *See Carmel v. Clapp & Eisenberg, P.C.*, 960 F.2d 698, 704 (7th Cir. 1992)

("Neither trial tactics, nor mere temerity, will excuse counsel's failure to object to a

remark made in closing argument." (citations omitted)).[6]

      "Parties seeking a new trial based on counsel's improper comments must

show that 'misconduct occurred and that it prejudiced their case.'" *Viramontes v.*

*City of Chicago*, 840 F.3d 423, 431 (7th Cir. 2016) (quoting *Christmas v. City of*

*Chicago*, 682 F.3d 632, 642 (7th Cir. 2012)). This is a high bar to clear. *See Banister*

*v. Burton*, 636 F.3d 828, 834 (7th Cir. 2011) ("We have repeatedly explained that

improper comments during closing argument rarely rise to the level of reversible

error." (internal quotations and citations omitted)); *Smith v. Hunt*, 707 F.3d 803,

812 (7th Cir. 2013) ("This court has been loath[] to find that improper comments

made during closing argument rise to the level of reversible error."). For the

remaining two objections about Defendants' closing argument, Mr. Plemmons'

nonexistent arguments fail to show that he was prejudiced. Furthermore, any

improper statements would have also been mitigated by the jury instructions, which

instructed that counsel's arguments are not evidence. Dkt. 168 at 5; *Banister*, 636

F.3d at 834.

---

[5] For ¶ 14, Mr. Plemmons has cited the wrong portion of the record, but the right portion of the record indicates that Mr. Plemmons objected to defense counsel's sentence about Mr. Plemmons' lack of testimony, not Mr. Funderberg's. Dkt. 174 at 476:12-18.

[6] At trial, the Court even noted the lack of objection: "[T]here were objections throughout closing, but nothing as to the materiality. Trust me; my ears were perked. . . . So I was ready for an objection, hopefully to address it before I charged the jury and sent them off to the jury room." Dkt. 174 at 500:14-18.

The last item in Mr. Plemmons' list is about the Court's decision to deny a jury instruction that Mr. Plemmons proposed. When reviewing jury instructions, courts must "determine whether, taken as a whole, they correctly and completely informed the jury of the applicable law." *Huff v. Sheahan*, 493 F.3d 893, 899 (7th Cir. 2007). But what Mr. Plemmons proposed regarding subpoena power in criminal cases wasn't a statement of applicable law; as best as the Court can tell, he wanted to introduce this fact about criminal procedure in order to strengthen his argument. *See* Dkt. 174 at 497:15-498:6. This doesn't show any error with the jury instructions that would warrant a new trial.

## IV. Conclusion

This case boiled down to whether Mr. Plemmons admitted to Officer Rokey that he was driving on a suspended license. Officer Rokey said he did; Mr. Plemmons said he didn't. At trial, the jury did its job by making credibility determinations and weighing the evidence. Mr. Plemmons might be unhappy with the jury's verdict, but that doesn't mean the trial was unfair. In admonishing Mr. Plemmons' counsel to review, among other things, Rule 11 and 28 U.S.C. § 1927 before moving for a new trial, the Court also stated that it gladly considers any meritorious arguments. However, Mr. Plemmons has presented no such arguments. Mr. Plemmons' motion for new trial is denied.

Date: April 3, 2024

Honorable Iain D. Johnston
United States District Judge